IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VENISSA R. SADDLER, <br> on behalf of herself and all others <br> similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MEMPHIS CITY SCHOOLS, <br><br> Defendant. | Case No. 2:12-cv-02232-JTF-tmp |

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION**

Before the Court is Plaintiff's Venissa R. Saddler Motion to Conditionally Certify Collective Action Under the FLSA, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice ("Motion to Certify"). The Motion to Certify was filed on August 15, 2012, and Defendant Memphis City Schools ("MCS") filed its Response in Opposition to Plaintiff's Motion on September 5, 2012. The Motion was referred to the Magistrate Judge on October 11, 2012. On October 24, 2012, the Magistrate Judge held a telephonic hearing on the Motion. The Magistrate Judge entered a Report and Recommendation Granting in Part and Denying in Part Plaintiff's Motion to Certify on February 4, 2013. The Magistrate Judge recommended that the court (1) conditionally certify this collective action pursuant to the FLSA, 29 U.S.C. § 216(b), for Plaintiff and all other 110-level Accountants who performed work for Defendant over the past three years without receiving overtime

compensation for hours worked in excess of forty in a single week; (2) order Defendant to produce to Plaintiff a list of all potential class members, including the last known mailing address, e-mail address, and telephone numbers within fourteen days from the date of the order in a readable electronic data file format; (3) order Defendant to conspicuously post notice of this case in its office locations where 110-level accountants work; and (4) authorize Plaintiff to send notices and consent forms of this lawsuit to potential opt-in plaintiffs, in the forms attached to the Motion to Certify and as modified by the court. No objections were filed against the Magistrate's Report and Recommendation.

The Court has reviewed the Magistrate's Report and Recommendation, which includes the facts adduced during the telephone hearing, the Magistrate's legal analysis, Plaintiff's motion, and the entire record.  The Court ACCEPTS the Magistrate Judge's Report and Recommendation Granting in part and Denying in Part Plaintiff's Motion to Certify.  Therefore, Plaintiff's Motion is GRANTED in part and DENIED in part.

> **I.     LEGAL STANDARD**

District court judges have the discretion to refer certain non-dispositive pretrial matters, including motions to conditionally certify a collective action, to magistrate judges.  28 U.S.C. §636(b)(1)(A).  The district court judge has the authority to review and reconsider the magistrate judge's non-dispositive orders only when the judgment is "clearly erroneous or contrary to law." 28 U.S.C.§ 636(b)(1)(A); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard."); *See e.g. Danove v. Davila*, Civil Action NO. 11-3712 (E.D. La June 14, 2012) ("An order issued by a magistrate judge concerning

nondispositive pretrial matters . . . is reviewed by the district court judge under the clearly erroneous standard.")

## II. ANALYSIS

### A. Magistrate Judge properly determined that the lenient standard should apply to Plaintiff's conditional certification

The magistrate judge correctly found that the court should apply the lenient standard to Plaintiff's Motion to Certify and not the heightened standard argued by Defendant. At the conditional certification stage, the Court has opined that, "the district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Additionally, the Court has said that "'[a]t the notice stage, the certification is conditional and by no means final.' The plaintiff must *only* show that 'his position is similar, not identical, to the positions held by the putative class members.'" *Id*. at 546-547 (emphasis added). The standard for determining this conditional certification is one of a "modest factual showing" and determined by a "fairly lenient standard." *Id*. at 547. Usually, a stricter or more heightened standard is applied when substantial discovery has occurred or towards the end of discovery. *See Frye v. Baptist Mem'l Hosp.*, 495 Fed. App'x 669. __, No. 11-5648, 2012 WL 3570657, at *3 (6th Cir. Aug. 21, 2012). Although Defendant argues that substantial discovery has taken place, it is evident that discovery is still ongoing. Not only did Plaintiff file the Motion to Certify shortly after discovery began, but also the parties' discovery deadline is not until June 17, 2013. Thus, the magistrate judge properly found that the court should apply the lenient standard to Plaintiff's Motion to Certify.

### B. Magistrate Judge properly determined that Plaintiff is similarly situated only to 110-level Accountants

By reviewing her sworn affidavit, the magistrate judge properly found that Plaintiff has sufficiently shown she is similarly situated to other 110-level Accountants. Although Defendant

objects to Plaintiff's affidavit and argues that it contains inadmissible hearsay, the court has said that "'[a]t this preliminary state [i.e. conditional certification]. . . plaintiffs need not come forward with evidence in a form admissible at trial.'" *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368.  As long as the affidavit is based upon the plaintiff's personal knowledge, the defendant cannot object to the inadmissibility of the plaintiff's affidavit.  *See White*, 236 F.R.D. at 369.

Additionally, by reviewing Defendant's job description for Accountants, the magistrate properly found that Plaintiff has sufficiently shown she is similarly situated to other 110-level Accountants.  As the magistrate judge correctly analyzed, various courts have found written job descriptions sufficient for showing whether employees are similarly situated, for the purpose of conditional certification.  Thus, because of both her affidavit and the written job description, Plaintiff has sufficiently shown that the Accountants performed similar duties, were classified as exempt, and were not paid overtime.  However, as the magistrate judge correctly notes, Plaintiff has only shown she is similarly situated to other 110-level Accountants but not to the Senior Accountants and Staff Accountants.  Thus, Plaintiff is found to be similarly situated only to the 110-level Accountants.

### C. Magistrate Judge properly approved and corrected Plaintiff's Notice and Consent Form

The magistrate judge properly found that the Plaintiff's Notice and Consent Form should be approved.  Additionally, taking into account the analysis above, the magistrate judge properly found that the following revisions should be made to the Notice and Consent Form:

(1) Any reference to "accountant" should be changed to "110-level accountant" and

(2) The words "who performed basic bookkeeping-type audit services" should be striken from the first sentence on page 2 of the Notice.

### III. CONCLUSION

After reviewing the entire Record, the Court Accepts the Magistrate's Report and Recommendation Granting in Part and Denying in Part Plaintiff's Motion to Certify. The Court hereby (1) conditionally certifies this collective action pursuant to the FLSA, 29 U.S.C. § 216(b), for Plaintiff and all other 110-level Accountants who performed work for Defendant over the past three years without receiving overtime compensation for hours worked in excess of forty in a single week; (2) orders Defendant to produce to Plaintiff a list of all potential class members, including the last known mailing address, e-mail address, and telephone numbers within fourteen days from the entry of this order in a readable electronic data file format; (3) orders Defendant to conspicuously post notice of this case in its office locations where 110-level accountants work; and (4) authorizes Plaintiff to send notices and consent forms of this lawsuit to potential opt-in plaintiffs, in the forms attached to the Motion to Certify and as modified by this court. Therefore, Plaintiff's Motion to Certify is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 27th day of March, 2013.

BY THIS COURT:

*/s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge